1 Mark S. Askanas (State Bar No. 122745)
David T. Wang (State Bar No. 275015)
2 JACKSON LEWIS LLP
50 California Street, 9th Floor
3 San Francisco, California 9411-4615
Telephone: (415) 394-9400
4 Facsimile: (415) 394-9401
E-mail: askanasm@jacksonlewis.com
5 E-mail: david.wang@jacksonlewis.com

6 Attorneys for Defendant
K12 SERVICES, INC.
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| DAVID ANDREW EHRENFELD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>K12 SERVICES, INC., a Delaware corporation,<br><br>Defendant. | Case No. CV-13-5075 DMR<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>1. **Breach of Written Contract**<br>2. **Declaratory Relief**<br><br>Trial Date: None Set |

Defendant K12 SERVICES, INC. ("Defendant"), hereby answers each paragraph of Plaintiff DAVID ANDREW EHRENFELD'S ("Plaintiff") Complaint as follows:

**PARTIES**

1. In response to Paragraph 1 of the Complaint, Defendant admits that Plaintiff was a resident of the State of California and the County of San Francisco. Defendant further admits that it employed Plaintiff from August 10, 2010 through January 25, 2013. Defendant denies that Plaintiff's separation date was January 14, 2013. Rather, Plaintiff's employment ended on January 25, 2013. Defendant denies each and every remaining fact allegation contained in Paragraph 1 of the Complaint that is not expressly admitted herein.

2. Admit.

3.  Paragraph 3 of the Complaint consists of legal conclusions to which Defendant is not required to respond. To the extent a response is required, Defendant denies each and every allegation contained therein.

**JURISDICTION AND VENUE**

4.  Paragraph 4 of the Complaint consists of legal conclusions to which Defendant is not required to respond. To the extent a response is required, Defendant lacks information and belief sufficient to respond to the allegations contained in Paragraph 4 of the Complaint, and on that basis, Defendant denies each and every allegation contained therein.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

5.  In response to Paragraph 5 of the Complaint, Defendant admits only that Plaintiff was hired August 10, 2010 as a National Account Manager and was offered an $85,000 annual salary, a $10,000 signing bonus, and a variable commission plan. Defendant denies the remaining allegations of paragraph 5 of the Complaint.

6.  Defendant can neither admit nor deny the allegations set forth based in paragraph 6 of the Complaint based upon a lack of information upon which to form a belief. Upon that basis, Defendant denies each and every allegation contained therein.

7.  Defendant can neither admit nor deny the allegations set forth based in paragraph 7 of the Complaint based upon a lack of information upon which to form a belief. Upon that basis, Defendant denies each and every allegation contained therein.

8.  Defendant can neither admit nor deny the allegations set forth based in paragraph 8 of the Complaint based upon a lack of information upon which to form a belief. Upon that basis, Defendant denies each and every allegation contained therein.

9.  Defendant can neither admit nor deny the allegations set forth based in paragraph 9 of the Complaint based upon a lack of information upon which to form a belief. Upon that basis, Defendant denies each and every allegation contained therein.

10. Defendant can neither admit nor deny the allegations set forth based in paragraph 10 of the Complaint based upon a lack of information upon which to form a belief. Upon that basis, Defendant denies each and every allegation contained therein.

11. Defendant can neither admit nor deny the allegations set forth based in paragraph 11 of the Complaint based upon a lack of information upon which to form a belief. Upon that basis, Defendant denies each and every allegation contained therein.

12. Defendant can neither admit nor deny the allegations set forth based in paragraph 12 of the Complaint based upon a lack of information upon which to form a belief. Upon that basis, Defendant denies each and every allegation contained therein.

13. Defendant can neither admit nor deny the allegations set forth based in paragraph 13 of the Complaint based upon a lack of information upon which to form a belief. Upon that basis, Defendant denies each and every allegation contained therein.

14. Defendant can neither admit nor deny the allegations set forth based in paragraph 14 of the Complaint based upon a lack of information upon which to form a belief. Upon that basis, Defendant denies each and every allegation contained therein.

15. Defendant can neither admit nor deny the allegations set forth based in paragraph 15 of the Complaint based upon a lack of information upon which to form a belief. Upon that basis, Defendant denies each and every allegation contained therein.

16. In response to Paragraph 16 of the Complaint, Defendant admits only that Plaintiff signed a "Fiscal Year 2013 Sales Compensation Plan" on July 9, 2012. Defendant denies the remaining allegations of paragraph 16 of the Complaint.

17. In response to Paragraph 17 of the Complaint, Defendant admits only that Plaintiff signed a Fiscal Year 2013 "Individual Variable Compensation Plan" on August 7, 2012. Defendant denies the remaining allegations of paragraph 17 of the Complaint.

18. In response to Paragraph 18, Defendant denies each and every allegation contained therein. Plaintiff's employment ended on January 25, 2013.

FIRST CAUSE OF ACTION
BREACH OF WRITTEN CONTRACT
By Plaintiff Against K12

19. Defendant realleges and incorporates herein by reference its responses to paragraphs 1 through 18 as though fully set forth herein.

20. In response to Paragraph 20 of the Complaint, Defendant denies each and every allegation contained therein.

21. In response to Paragraph 21 of the Complaint, Defendant denies each and every allegation contained therein.

22. In response to Paragraph 22 of the Complaint, Defendant denies each and every allegation contained therein.

23. Paragraph 23 of the Complaint consists of legal conclusions to which Defendant is not required to respond. To the extent a response is required, Defendant denies each and every allegation contained therein.

SECOND CAUSE OF ACTION
DECLARATORY RELIEF
By Plaintiff Against K12

24. Defendant realleges and incorporates herein by reference its responses to paragraphs 1 through 23 as though fully set forth herein.

25. In response to Paragraph 25 of the Complaint, Defendant admits only that Plaintiff filed suit against Defendant and asserted claims relating to the variable commission/compensation plans applicable to him during his employment. Defendant denies the remaining allegations of paragraph 25 of the Complaint.

26. In response to Paragraph 26 of the Complaint, Defendant admits only the allegation that Defendant denies Plaintiff is owed additional commission for sales during his employment with Defendant. Defendant denies the remaining allegations of paragraph 26 of the Complaint.

**AFFIRMATIVE DEFENSES**

By way of affirmative defenses to the allegations of Plaintiff's Complaint, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Arbitration Agreement)

The Complaint as a whole and each and every purported claim alleged therein is barred from further civil proceedings because Plaintiff's sole remedy, if any, is governed by a valid and enforceable arbitration agreement, in which Plaintiff agreed to arbitrate all employment-related disputes.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE
### (Offset)

Any recovery on the Complaint, or any purported claim therein, is barred in whole or in part because Defendant is entitled to an offset for any monies Plaintiff received from any source under the doctrine prohibiting double recovery.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

Plaintiff is barred in whole or in part from recovering any damages, or any recovery must be reduced, by virtue of Plaintiff's failure to exercise reasonable diligence to mitigate his alleged damages. Further, Plaintiff's damages, if any, are to be reduced by all income received by Plaintiff after his separation from employment with Defendant. Such income shall include all earned income, state disability payments, social security payments, private disability insurance, Medi-Cal and Medicare benefits, and any other monies paid to Plaintiff in compensation for services rendered under any federal, state, or local program or from any private insurance.

## FIFTH AFFIRMATIVE DEFENSE
### (Good Faith)

The Complaint, and each claim therein, is barred in whole or in part because all acts of Defendant affecting the terms and/or conditions of Plaintiff's employment were done in

good faith and motivated by legitimate, non-retaliatory and non-discriminatory reasons and/or as a result of business necessity

### SIXTH AFFIRMATIVE DEFENSE
(PRIVILEGED CONDUCT)

The Complaint, and each claim therein, is barred in whole or in part because all acts of Defendant affecting the terms and/or conditions of Plaintiff's employment were privileged, made without malice and taken with good cause.

### SEVENTH AFFIRMATIVE DEFENSE
(MANAGEMENT DISCRETION)

The Complaint, and each claim therein, is barred because Defendant's actions were a just and proper exercise of management discretion, were undertaken for a fair and honest reason regulated by good faith under the circumstances then existing, and were based on legitimate non-discriminatory and non-retaliatory business reasons.

### EIGHTH AFFIRMATIVE DEFENSE
(NO CONTRACT FOR COMPENSATION)

Plaintiff's cause of action for breach of contract fails as a matter of law because Plaintiff never contracted with Defendant regarding his compensation or commissions at any time before or during his employment.

### NINTH AFFIRMATIVE DEFENSE
(STATUTE OF LIMITATIONS)

To the extent discovery may disclose a factual basis for such defense, Plaintiff's Complaint and each claim contained therein is barred in whole or in part by the applicable statute of limitations, including, but not limited to, Cal. Code Civ. Proc. §§ 337, 339.

### TENTH AFFIRMATIVE DEFENSE
(RESERVATION OF RIGHTS)

Because Plaintiff's Complaint is couched in broad and conclusory terms, Defendant cannot fully anticipate all defenses that may be applicable to this action. Accordingly, the right to assert additional defenses, if and to the extent that such defenses are applicable, is hereby reserved.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by his Complaint;
2. That the Complaint be dismissed in its entirety with prejudice;
3. That the Plaintiff be denied each and every demand and prayer for relief contained in the Complaint; and
4. For cost of suits incurred herein, including reasonable attorneys' fees.

Dated: November 26, 2013

JACKSON LEWIS LLP

By: _____
Mark S. Askanas
David T. Wang
Attorneys for Defendant
K12 SERVICES, INC.

4826-1123-4071, v. 3